` IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TYRONE DEMON SIMPSON, #821060,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:02-CV-2178-M |
| | ) | |
| **DOUGLAS DRETKE, Director Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court filed on July 27, 2005, Petitioner' motion for relief from judgment under Fed. R. Civ. P. 60(a) and (b)(6), alternatively request for an out-of-time appeal, filed on July 20, 2005, has been referred to the United States Magistrate Judge. The findings conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On August 26, 2003, the District Court filed its order adopting the magistrate judge's recommendation and entered its judgment denying habeas relief pursuant to 28 U.S.C. § 2254. The judgment was entered on the docket by the Court Clerk on August 27, 2003.

On June 30, 2004, the Clerk received the following pleadings from Petitioner: a notice of appeal, a request for a certificate of appealability, a motion for leave to proceed *in forma pauperis* on appeal, and a letter. In the latter pleading, Petitioner explained that he was resubmitting his notice of appeal because on June 15, 2005, he learned for the first time that his

previous notice of appeal with request for certificate of appealability and IFP motion, mailed to this court and counsel for Respondent on September 8, 2003, less than thirty days following the entry of the District Court's judgment, had not been filed.[1]

On July 21, 2004, without making any reference to Petitioner's June 30, 2004 letter or the timeliness of the notice of appeal, the District Court adopted the findings and recommendation of the Magistrate Judge and denied Petitioner's request for a certificate of appealability. On August 3, 2004, The Fifth Circuit dismissed the appeal for lack of jurisdiction because the notice of appeal was untimely filed. The Supreme Court thereafter denied Petitioner's request for an extension of time within which to file a petition for writ of certiorari, and returned to him two petitions for writ of certiorari because they were out-of-time. (Mot. for Relief from Judgment at Exhs. A-10, A-11, and A-12).

On July 20, 2005, Petitioner filed the instant motion for relief from judgment, alternatively for an out of time notice of appeal.

Following the district court's order of reference, the Magistrate Judge filed an order directing Respondent to provide information with respect to outgoing mail between Petitioner and this Court and the Texas Attorney General's Office for the period between August 26, 2003, and September 30, 2003.

The mail log from the Ramsey I Unit provided by Respondent in response to the above order, confirms that Petitioner's notice of appeal addressed to the U.S. District Court Clerk was

---

[1] On June 3, 2004, having received no correspondence from this court since the September 8, 2003 mailing of the appeal related pleadings, Petitioner sent a letter to the court clerk inquiring about the status of his appeal. On June 15, 2004, Petitioner received from the clerk a copy of the docket sheet in this case, reflecting that no pleadings had been filed since the entry of the judgment in this case. As a result of the above notice, Petitioner immediately resubmitted his notice of appeal and certificate of appealability.

placed in the prison mail log system on September 9, 2003. In response to the above order, Respondent also submitted a copy of Petitioner's Notice of Appeal and Petition for Certificate of Appealability, dated September 8, 2003, and received by the Texas Attorney General's Office on September 12, 2003.

Pursuant to the "mailbox rule," <u>see</u> <u>Houston v. Lack</u>, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), the Court concludes that Petitioner's initial notice of appeal and request for certificate of appealability were timely filed within thirty days of the date on which the judgment was filed. <u>See</u> Fed. R.App. P. 4(a)(1). Therefore, the Clerk should be directed to file the notice of appeal and petition for certificate of appealability (submitted with the Attorney General's cover letter dated September 12, 2005) *nunc pro tunc* as of September 9, 2003.

In light of the above ruling, Petitioner's motion for relief from judgment, alternatively request for an out-of-time appeal, should be granted in part insofar as Petitioner seeks to have his notice of appeal filed as of September 9, 2003, and denied in part insofar as Petitioner requests an out-of-time appeal. The Court notes that Rule 60(b) cannot be used to extend the time for appeal under Fed. R. App. P. 4(a)(1). <u>Fails v. Dretke</u>, 3-02-CV-819-M, 2005 WL 57280, *2 (N.D.Tex., Jan. 10, 2005), recommendation *adopted*, 2005 WL 283605 (N.D. Tex. Feb. 4, 2005); <u>United States v. Daniels</u>, 3:95-CR-281-G, 2001 WL 363059, at *2 (N.D.Tex. Apr.9, 2001) (collecting cases), recommendation *adopted,* 2001 WL 484246 (N.D. Tex. May 02, 2001). Moreover, Rules 4(a)(5) and (a)(6), of the Federal Rules of Appellate Procedure, are inapplicable. Petitioner did not seek an extension of time within the requisite period, <u>see</u> Rule 4(a)(5) (motion for extension of time must be filed within thirty days following the thirty-day period for filing a timely appeal), and it is undisputed that he had notice of the August 26, 2003 entry of judgment, <u>see</u> Rule 4(a)(6) (providing relief only when a party does not receive notice of

judgment).

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court direct that the Clerk file pursuant to the "mailbox rule" Petitioner Tyrone Demon Simpson's notice of appeal and petition for certificate of appealability, submitted with the Texas Attorney General's cover letter dated September 12, 2005, *nunc pro tunc* as of September 9, 2003.

It is further recommended that the District Court grant in part and deny in part Petitioner's motion for relief for judgment.[2]

A copy of this recommendation will be mailed to Petitioner and counsel for Respondent.

Signed this 18th day of October, 2005.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir.1996) (*en banc* ), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[2] The Magistrate Judge recommends that Petitioner's request for a certificate of appealability be denied. The magistrate judge's recommendation filed on June 18, 2003, which the District Court adopted found that the statute of limitations had not run. However, based on the subsequent decision of the Fifth Circuit in Salinas v. Dretke, 354 F.3d 425 (5th Cir. 2004), it is clear that Petitioner's convictions became final on July 30, 1999, and that the one-year statute of limitations, excluding tolled periods, expired prior to the date on which he filed his § 2254 in this court.